UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE LITTLE, An Individual; MICHAEL LITTLE, An Individual,<br><br>                               Plaintiffs,<br><br>v.<br><br>McKESSON CORPORATION, A Corporation; BRISTOL-MYERS SQUIBB, A Corporation; PFIZER, INC., A Corporation; DOES 1 through 100,<br><br>                               Defendants. | Case No.: 16-CV-2144-AJB-DHB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>(Doc. No. 30) |

      Presently before the Court is Defendants Bristol-Myers Squibb Company and Pfizer Inc.'s (collectively, "Defendants") motion to stay, (Doc. No. 30), and Plaintiffs Charlene Little ("Charlene") and Michael Little's (collectively, "Plaintiffs") motion to remand, (Doc. No. 21). Having reviewed the parties' arguments in light of relevant legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matters suitable for decision without oral argument. Accordingly, the hearing date currently set for ***January 5, 2017, at 2:00 p.m. in Courtroom 3B*** is hereby **VACATED**. For the reasons set forth below, the Court **GRANTS** Defendants' motion to stay.

1

**BACKGROUND**

Plaintiffs, who are California residents, instituted this action by filing the operative complaint in San Diego Superior Court on May 31, 2016. (Doc. No. 1 at 2; *see* Doc. No. 1-3.) Plaintiffs allege injuries to Charlene as a result of her use of Eliquis, also known as Apixaban, which Defendants "designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed . . . ." (Doc. No. 1-3 ¶¶ 1–2, 8–9.) Plaintiffs bring causes of action for negligence, strict products liability (failure to warn and design and manufacturing defect), breach of express warranty, breach of implied warranty, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and loss of consortium. (Doc. No. 1 at 2; Doc. No. 1-3 at 3.)

On August 24, 2016, Defendants removed this action to this Court. (Doc. No. 1.) They assert removal is proper on the basis of diversity jurisdiction. (*Id.* at 2.) As relevant to the instant motions, Defendants contend complete diversity exists between the parties because McKesson, a California corporation, was fraudulently joined to destroy diversity. (*Id.* at 3, 5–7.) Defendants alternatively contended that McKesson is not a necessary and indispensable party and thus could be severed and remanded to state court. (*Id.* at 7–8.)

Plaintiffs filed their motion to remand on September 23, 2016, arguing Defendants failed to prove by clear and convincing evidence that McKesson was fraudulently joined, and that their argument relating to whether McKesson's status as a necessary and indispensable party is without merit. (Doc. No. 21.) On October 31, 2016, Defendants filed their *ex parte* motion to stay this case pending decision by the Judicial Panel on Multidistrict Litigation ("JPML") on Defendants' petition to transfer and coordinate 34 actions, including the instant case, in an MDL proceeding in the Southern District of New York. (Doc. No. 30; *see* Doc. No. 26.)

The Court determined Defendants should have proceeded by noticed motion, but nonetheless gave each side an opportunity to fully brief the issue of staying this action pending the JPML's decision. (Doc. No. 32.) Both motions have been fully briefed. (Doc. Nos. 25, 27, 31, 35–37.) This order follows.

# LEGAL STANDARD

"A district court has the inherent power to stay its proceedings." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55.

In determining whether a stay pending transfer to an MDL is appropriate, courts balance three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *San Diego Unified Port Dist. v. Monsanto Co.*, No. 15-cv-00578-WQH-JLB, 2016 WL 4496826, at *1 (S.D. Cal. Feb. 1, 2016) (citation omitted); *Alanis v. Pfizer, Inc.*, No. 1:14-cv-00365 LJO MJS, 2014 WL 1711702, at *2 (E.D. Cal. May 1, 2014), *report and recommendation adopted in full in* 2014 WL 2197936 (E.D. Cal. May 27, 2014); *see CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

"Where an MDL is being considered or a transfer pending, 'a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings . . . because of the judicial resources that are conserved.'" *San Diego Unified Port Dist.*, 2016 WL 4496826, at *1  (quoting *Rivers*, 980 F. Supp. at 1362)). Of particular relevance to this case, "[w]here a motion to remand and motion to stay are pending, courts have held that 'deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Alanis*, 2014 WL 1711702, at *2 (quoting *Rifenbery v. Organon USA, Inc.*, No. 13-cv-05463-JST, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014)); *see also Lingle v. DePuy Orthopaedics, Inc.*, No. 11cv1486 L(MDD), 2011 WL 5600539, at *2 (S.D. Cal. Nov. 17, 2011) (same). "In deciding whether to rule on the motion to remand, 'courts consider whether the motion raises issues likely to arise in other actions pending in

the MDL transferee court.'" *Rifenberry*, 2014 WL 296955, at *1 (quoting *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004)).

### DISCUSSION

After considering the parties' arguments in light of controlling legal authority, the Court determines a brief stay in this case is appropriate. First, any prejudice Plaintiffs will suffer is *de minimus*. The JPML hearing session at which Defendants anticipate their petition will be addressed is less than three weeks after the hearing the Court previously set for the motions in the instant matter. *See Alanis*, 2014 WL 1711702, at *3 ("Plaintiffs [] argue that the Court should remand this action to state court without a stay. Plaintiffs are correct that their motion to remand will likely be delayed as a result of the stay and any MDL transfer. However, such delay does not constitute prejudice sufficient to outweigh the efficiency gains of staying this action."); *J.W. v. Pfizer, Inc.*, No. 13-CV-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013) ("Plaintiffs claim that their case will 'languish in federal court,' and their jurisdiction question will not be considered for several months. However, Plaintiffs offer no tangible harm that they would suffer from waiting a term of months.").

Second, the potential hardship Defendants will suffer absent a stay is significant. Specifically, Defendants prospectively face the burden of having to defend themselves in multiple fora, enhancing the risk of inconsistent rulings. *See Weaver v. Pfizer, Inc.*, No. 2:14-cv-0818 KJM KJN, 2014 WL 2002212, at *4 (E.D. Cal. May 15, 2014); *see also Gibson v. Bristol-Myers Squibb Co.*, No. C 13-01416 SBA, 2013 WL 2081964, at *1 (N.D. Cal. May 14, 2013) ("If this Court prematurely adjudicates Plaintiffs' motion to remand, BMS may be forced to re-litigate issues before the MDL Panel or in state court.").

Finally, judicial resources will be conserved if a stay is implemented. Significantly, Judge Bernal from the Central District of California has already stayed proceedings pending before him, including the plaintiffs' motion to remand. (Doc. No. 37 at 4; *see* Doc. No. 37-2.) Because the issue of fraudulent joinder will necessarily be before the MDL court should Defendants' petition be granted, the Court finds a stay in the instant case will

promote judicial efficiency, avoid duplicative litigation, and avoid the risk of inconsistent results. *See Weaver*, 2014 WL 2002212, at *3 (finding judicial efficiency factor favored a stay because "some of the California plaintiffs whose cases have already been transferred to the MDL are arguing their cases were improperly removed . . . because defendant McKesson was not fraudulently joined" and "Plaintiff's motion to remand raises the same challenges"); *Alanis*, 2014 WL 1711702, at *2 (staying case in part because "the MDL Court will be called upon to adjudicate the same jurisdictional questions posed in this case"); *see also In re Zoloft Prods. Liab. Litig.*, 856 F. Supp. 2d 1347, 1347–48 (J.P.M.L. 2012) ("the Panel has long held that jurisdictional objections do not overcome the efficiencies that can be realized by centralized proceedings").[1]

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to stay. (Doc. No. 30.) This case is stayed, including but not limited to responsive pleading deadlines and related briefing schedules, status conferences, and/or discovery deadlines. The parties are **ORDERED** to file a joint status report apprising the Court of the JPML's decision on

---

[1] The Court acknowledges that some courts in other cases have assessed the merits of a motion to remand when a dueling motion to stay was filed. However, the Court finds these authorities inapposite to the instant case. Two of the cases upon which Plaintiffs rely considered the motion to remand in part because "eleven district court cases [had already] remanded improvidently removed actions involving Yaz/Yasmin where McKesson was a named Defendant[.]" *Hamzey v. Bayer Corp.*, No. 10cv0526 JM(CAB), 2010 WL 2011529, at *4 (S.D. Cal. May 19, 2010); *Maness v. Bayer Corp.*, No. 10cv0726 JM(CAB), 2010 WL 2011535, at *4 (S.D. Cal. May 19, 2010). The other case upon which Plaintiffs principally rely is similarly unpersuasive because no other district courts had issued stay orders. *Wickens v. Blue Cross of Cal., Inc.*, No. 15cv834-GPC(JMA), 2015 WL 3796272, at *4 (S.D. Cal. June 18, 2015) (finding "concerns regarding uniformity, consistency, and predictability" not at play because "it is not clear whether the motion to remand [in other cases] will be determined by the district court or the transferee court since no stay has been issued"). Here, however, Judge Bernal has already stayed the case pending before him, thus ensuring the MDL court, if one is formed, will have the issue of fraudulent joinder before it.

Defendants' petition to transfer and consolidate the Eliquis cases no later than **February 23, 2017**. The Court resets the hearing date on Plaintiffs' pending motion to remand for **March 7, 2017, at 2:00 p.m. in Courtroom 3B**. If the parties are still awaiting a decision by the JPML or if the JPML grants Defendants' petition, the Court will move this date accordingly.

**IT IS SO ORDERED.**

Dated:  December 16, 2016

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge